UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA KYSONE,<br><br>    Plaintiff,<br><br>    v.<br><br>REGIS CORPORATION, et al.,<br><br>    Defendants. | Case No. 14-cv-01410-WHO   (WHO)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 15 |

## INTRODUCTION

Plaintiff Kristina Kysone lives in Sacramento County. She worked at defendants' hair salon in Sacramento County. She is suing her former employer for violations of the California Fair Employment and Housing Act and the California Labor Code stemming from that work. At least four of her five known witnesses live in Sacramento County. Yet her lawsuit is pending in the Northern District of California.

Not surprisingly, defendants Regis Corporation and Cool Cuts 4 Kids move to transfer this case to the Eastern District of California. Kysone objects to transfer, arguing that many of her claims pertain to occasional work-related travel to Pleasanton, California, in the Northern District. But the Complaint establishes that Kysone's travel plays only a minor role in her claims. As the workplace, the witnesses, and Kysone herself are all located in Sacramento County, the Eastern District provides a more convenient and appropriate forum. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument. The July 2, 2014 hearing is VACATED. The motion to transfer venue is GRANTED.

**BACKGROUND**

Kysone is a former employee of Cool Cuts 4 Kids ("Cool Cuts"), a subsidiary of Regis Corporation ("Regis"). Complaint (Dkt. No. 4-1) at ¶ 1; Declaration of Roxanne Saxhaug in Support of Motion to Transfer (Dkt. No. 15-2) at ¶ 3; Declaration of Carmen Theide in Support of Removal (Dkt. No. 3) at ¶¶ 4–5. She states that during the bulk of her employment with Regis and Cool Cuts, she was supervised by defendant Milissa Echols, who then served as District Manager in Cool Cuts' West Coast Region. Compl. at ¶ 1; Declaration of Milissa Echols in Support of Removal (Dkt. No. 2) at ¶ 3.

According to the Complaint, Kysone began her employment with Cool Cuts in January 2006 as a stylist at the salon in Elk Grove. Compl. at ¶ 21. She says that she was quickly promoted and received recognition for the quality of her work. *Id.* at ¶¶ 21–22. However, she also alleges that she endured a pattern of abuse and mistreatment at the hands of Echols, which her employers joined, endorsed, or tacitly enabled. *Id.* at ¶¶ 47–52. She contends:

- Management allegedly denied her training and equipment suited to her position and needs, at least partly in order to undermine her employment. *Id.* at ¶¶ 23–25.
- Echols allegedly denied her pregnancy-related work accommodations, contributing to a miscarriage and subsequent emotional distress. *Id.* at ¶¶ 26–27.
- Echols allegedly threatened her with demotion in the event of future pregnancies and made objectionable inquiries regarding her personal life. *Id.* at ¶¶ 28–29.
- Echols allegedly harassed, refused to promote, and undermined her work and the work of other employees who are of Asian descent or who speak in "accented" English. *Id.* ¶¶ 30–33.
- Management allegedly denied her accommodations for her religious practice. *Id.* at ¶¶ 34–35.
- Management allegedly demoted her on false pretenses, cut her hours on false pretenses, and failed to act on her allegations of mistreatment. *Id.* at ¶¶ 36–41.
- Management allegedly failed to provide a safe workplace and failed to accommodate her medical needs. *Id.* at ¶¶ 42–45.

- Management allegedly failed to fully pay workers and to provide meal and rest breaks as mandated by California law. *Id.* at ¶ 46.
- Echols and management allegedly acted on the basis of discrimination due to sex, gender, race, national origin, and disability. *Id.* at ¶¶ 47–52.

In all, Kysone asserts seven causes of action under California's Fair Employment and Housing Act, six causes of action under the California Labor Code, and causes of action for unjust enrichment, intentional infliction of emotional distress, and wrongful termination. The defendants deny all of her claims. Defs.' Answer (Dkt. No. 4-3) at 1.

Kysone, a resident of Sacramento County, is a California citizen. Compl. at ¶ 1. Regis is a Minnesota-based corporation incorporated in Delaware. Theide Decl. at ¶ 3. Cool Cuts, as a Regis subsidiary operating under a fictitious business name, has no corporate citizenship independent of Regis. *Id.* Echols is a Nevada citizen residing in Sun Valley, Nevada, a suburb of Reno. Echols Decl. at ¶ 2, 4–5. "Does 1–20" are also listed as defendants in the suit, but Kysone has not alleged residency or citizenship for these unnamed parties.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The transfer of venue statute invites a "two-part analysis." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013) (Koh, J.). First, a district court considers the "threshold question" of whether jurisdiction exists and venue is proper in the transferee forum. *Id.*; *see also Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). If such a showing is made, the court then evaluates whether transfer of venue serves the convenience of the parties and the interest of justice "according to an individualized, case-by-case consideration." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).

Courts will evaluate the following factors to determine which venue is more convenient: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and

(8) the relative court congestion and time of trial in each forum. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (Walker, J.). However, "no single factor is dispositive," and district courts are afforded "broad discretion to adjudicate motions to transfer" after weighing any conflicting considerations. *Ctr. for Biological Diversity v. Kempthorne*, C 08-1339 CW, 2008 WL 4543043 (N.D. Cal. 2008).

The burden is on the moving party to demonstrate that transfer of venue is appropriate. *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (Walker, J.). Defendants cannot meet this burden solely by showing that they prefer another forum, nor by shifting inconveniences from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

**DISCUSSION**

There is no doubt that the Eastern District is the appropriate venue for this case.

**I.   THE EASTERN DISTRICT OF CALIFORNIA IS A PROPER FORUM.**

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). If no such district exists, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.*

The Complaint establishes that the majority of the events or omissions giving rise to Kysone's claims took place in Sacramento County, in the Eastern District of California. Kysone is a Sacramento County resident who worked in Sacramento County. Compl. at ¶ 1–3. All allegations relating to the safety and functioning of her workplace — management's alleged failure to train, failure to provide equipment, failure to accommodate pregnancy and illness, and failure to provide breaks and lunch hours — took place substantially if not exclusively at her workplace in Elk Grove, which is in Sacramento County. Any discriminatory hiring or retaliation occurred at the Elk Grove salon. Her allegations regarding failure to accommodate religious practice specifically relate to attending "her *local* temple with her mother." *Id.* at ¶ 34 (emphasis added). Although Kysone argues that venue was proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), she does not dispute that venue would also be proper in the

Eastern District.  *See* Pl.'s Opp'n (Dkt. No. 16) at 4.

## II. THE CONVENIENCE FACTORS WEIGH IN FAVOR OF TRANSFER.

### A. Plaintiff's choice of forum

A plaintiff's choice of forum generally merits substantial deference.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986).  However, this deference is considerably mitigated where the chosen forum lacks a "significant connection to the activities alleged in the complaint," or where the plaintiff has chosen a forum in which she does not reside.  *Carolina Cas. Co.,* 158 F. Supp. 2d at 1048 (quoting *Fabus Corp. v. Asiana Exp. Corp.*, C-00-3172 PJH, 2001 WL 253185 (N.D. Cal. 2001)); *see also Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Kysone's main argument in support of venue in the Northern District is that she was allegedly unpaid or underpaid after attending work-related conferences "year after year" in Pleasanton.  Pl.'s Opp'n at 4, 7; Declaration of Kristina Kysone in Support of Plaintiff's Opposition at ¶ 4.  She allegedly suffered further retaliation and demotion after complaining about management's failure to compensate her for these conferences.  Pl.'s Opp'n at 4.  She argues that these specific allegations form part of her eight causes of action for Labor Code violations, unjust enrichment, and wrongful termination.  *Id.*

Without passing judgment on the allegations themselves, nothing in the Complaint indicates that travel to Pleasanton figures centrally in Kysone's claims.  Indeed, the County of Alameda appears in the Complaint not in the context of any factual allegations, but only for the purpose of declaring the adequacy of venue.  Compl. at ¶¶ 13–14 ("[A]cts and events set forth in this Complaint occurred in whole or in part in the County of Alameda.").  Later in the Complaint, Kysone refers to unpaid wages and to retaliation arising out of her inquiries into missing compensation.  Compl. at ¶¶ 46, 48, 50–52.  However, it appears that uncompensated travel time comprises only a fraction of the total unpaid wages — and travel to Alameda County only a portion of that travel.  Compl. at ¶¶ 26, 46.  In her Opposition, Kysone attempts to recast her claims as stemming substantially from unpaid wages and expenses related to the Pleasanton conferences.  Pl.'s Opp'n at 5.  This is incompatible with the Complaint, which focused

overwhelmingly on conditions and conduct at her workplace.

As Kysone neither resides in the Northern District nor raises claims significantly connected to the Northern District, Kysone's choice of forum is not entitled to substantial deference.

### B. Convenience of the parties

For every party to this action, the Eastern District is of greater or equal convenience. Kysone resides in Sacramento County. Regis is headquartered in Minnesota. Cool Cuts is a d/b/a entity of Regis. Echols resides in the Reno area, just outside the Eastern District of California.[1] This factor weighs strongly in favor of transfer.

### C. Convenience of the witnesses

For every known witness relevant to this action, the Eastern District is more convenient. Regis lists five potential witnesses, including three current and two former employees of the Elk Grove salon. Saxhaug Decl. at ¶¶ 4–8. Four are residents of Sacramento County. *Id.* at ¶¶ 5–8. The fifth is recorded as a Sacramento County resident at her last known address. *Id.* at ¶ 4. Kysone does not identify any witness located outside the Eastern District. This factor weighs strongly in favor of transfer.

### D. Other factors

The remaining convenience factors weigh in favor or transfer. First, evidence will be easier to obtain in the Eastern District, which is where the salon and its past and current employees are. *See* Saxhaug Decl. at ¶¶ 4–8.

Second, although Kysone argues that there is a public policy interest in hearing the case in the Northern District because her California Labor Code causes of action stem from uncompensated travel to conferences in Pleasanton, the opposite is true. Kysone's attendance at the Pleasanton conferences is not central to the Labor Code claims actually pled in her Complaint. Rather, the Labor Code allegations are primarily tied to her work at the Elk Grove salon. To the

---

[1] Although the parties' attorneys are located in the Northern District, the location and convenience of counsel is irrelevant to the transfer of venue considerations. *See, e.g.*, *Zimpelman v. Progressive N. Ins. Co.*, C-09-03306 RMW, 2010 WL 135325 (N.D. Cal. 2010); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007).

1  extent there exists a public policy interest in local resolution of the Labor Code violations, that
2  interest weighs in favor of transfer to the Eastern District.
3        Finally, consolidation of claims, familiarity with applicable law, inter-district court
4  congestion, and differences in time to trial do not weigh in Kysone's favor.  Even if they did, the
5  convenience to the witnesses and parties and the strong nexus to the Eastern District would be far
6  more powerful factors in favor of transfer.

**CONCLUSION**

In sum, the limited deference afforded to Kysone's choice of venue is far outweighed by the convenience to the parties and to the witnesses of transfer to the Eastern District.  Defendants' motion to transfer venue to the Eastern District of California is GRANTED.

**IT IS SO ORDERED**.

Dated: June 30, 2014



WILLIAM H. ORRICK
United States District Judge